HOBSON, Justice.
On January 12, 1953, appellant, Cora Alice Booth, sued to quiet title to two described parcels of Dade County realty. In her verified complaint, she alleged that she deraigned her title to Parcel A of the property from a tax deed to.the Security Land Company dated May 1, 1916, and to Parcel B of the property from a tax deed to the Sun Land Company dated November 15, 1918, that she was in possession of the property, had paid the taxes, and had made improvements thereon.
Defendant-appellee Board of Public Instruction of Dade County, Florida filed an answer in which it alleged, inter alia, that title to a large tract which included the property described as Parcel A had been vested in the Board of Public Instruction *691 at the time of issuance of the tax deed and was not subject to taxation, and that the tax deed was therefore void. The answer also denied that Parcel A had been improved, but alleged that it was unimproved and wild land. With its answer, defendant-appellee filed a motion for summary final decree, asking that title to Parcel A be quieted in it. Two affidavits accompanied this motion. The first affidavit is by an attorney, and appears to concern Parcel B of the land, since it refers to the 1918 tax deed to the Sun Land Company. The second affidavit is by the Assistant Supervisor in Charge of Business Affairs for the defendant-appellee, and states that the property is unimproved except for a “dilapidated shack”.
After hearing, defendant-appellee’s motion was granted, and a summary final decree entered, quieting the movant’s title in Parcel A and declaring the 1918 tax deed to the Sun Land Company, which was alleged in the complaint to have conveyed Parcel B, null and void. The final decree did not refer to the 1916 deed to the Security Land Company, and made no finding as to whether the property, title to which was quieted in the Board of Public Instruction, was improved or unimproved, but concluded that the equities were with the said Board, and that it was not estopped to claim title.
Upon this state of the record, the conclusion that there was “no genuine issue as to any material fact” unde.r 31 F.S.A. Equity Rule 40(c) could not have been validly reached, and it is therefore too early to dispose of the other questions raised on this appeal. The complaint clearly alleged that the property had been improved, and this was categorically denied in the answer. 'Not only must the pleadings be considered by the court under Rule 40(c) upon a motion for summary final decree, but in this case, the complaint having been verified, it should have been accorded equal dignity with the affidavits supporting the motion, and could have been treated as a counter-affidavit. The affidavit supporting the motion for summary decree on this issue was qualified, but a serious question still remained. That whether or not the property was improved is “material” cannot be doubted, in the light of Daniell v. Sherill, Fla., 48 So.2d 736, 23 A.L.R.2d 1410. And see also our decision in Trustees of Internal Improvement Fund v. Bass, Fla., 67 So.2d 433. The record, moreover, should be clarified regarding the particular parcel of land as to which title is in controversy between the parties to this appeal, and as to the designation of the tax deed affecting this parcel.
Reversed and remanded for further proceedings consistent with this opinion and the cases hereinabove cited.
ROBERTS, C. J., and THOMAS and DREW, JJ., concur.