HORTON, Judge.
Summary judgment was entered below against the appellant based upon the pleadings and appellant’s deposition taken by the appellee. The court in granting summary judgment noted the failure of the appellant to submit affidavits in her behalf.
The facts are relatively simple and few. The appellant was in appellee’s food store purchasing groceries and, upon approaching the fresh vegetable counter to make a selection, slipped on a green bean or beans in the aisle and fell to the floor sustaining injuries. The appellant charges that the appellee “carelessly and negligently left several beans on the floor of said premises located in an aisle in said store, which said aisle was then and there provided by the defendant for the passage of customers”. The appellee denied the charge of negligence and affirmatively alleged contributory negligence on the part of the appellant. A motion to dismiss for failure to state a cause of action was coupled with the appel-lee’s answer. This motion was denied by the court below.
The main question is whether the court below erred in entering summary judgment.
In entering the summary judgment, the trial court had before it the complaint, the answer and the deposition of the appellant taken by the appellee. Rule 1.36(c), Florida Rules of Civil Procedure, 30 F.S.A., provides:
“The judgment or decree sought shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law * * '(Italics supplied.)
As the rule would indicate, its purpose is to eliminate and terminate litigation when no view taken of the pleadings and depositions would justify or support a judgment favorable to the party moved against. It is contended by appellee that every material issue of fact necessary to appellant’s recovery has been foreclosed by her deposition, and particularly that portion which indicated that the appellant was not looking at the floor in the area in which she slipped. Further, that if additional facts existed, *883 the appellant did not come forward with these facts at the time of the hearing on the motion for summary judgment and should by reason thereof be precluded from complaining of the entry of a judgment against her.
The judgment under review requires only the consideration of that evidence most favorable to the party against whom the judgment was rendered, resolving in her favor all reasonable inferences that may be drawn from the evidence before the court below. In 6 Moore’s Federal Practice, 2d Ed., Para. 56.15(3), pp. 2124— 2125, it was said:
“Since it is not the function of the trial court to adjudicate genuine factual issues at the hearing on the motion for summary judgment, in ruling on the motion all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion.”
When considering a motion for summary judgment, it is the function of the trial court to ascertain if there exists a genuine issue of material fact rather than to adjudicate the probative weight of the evidence as it pertains to disputed facts. Cf. Navison v. Winn & Lovett Tampa, Inc., Fla.1957, 92 So.2d 531. In reviewing the case at bar we find no evidence indicating whether the appellee or some other person or agency was responsible for the beans on the floor prior to the appellant’s injury, or for that matter, how long the beans had been in that location. It is true the appellant knew of no witnesses to her fall nor could she offer any evidence as to the duration of time that the beans had been upon the floor. Nevertheless, the appellee did not see fit to negate the charge of carelessness and negligence or to otherwise avoid or explain the presence of the beans in the aisle. If the beans had been left in the aisle by someone other than the appellee then the question of the duration of time that the beans had remained on the floor would be relevant in determining whether or not the appellee could be charged with constructive knowledge of their presence. The pleadings and deposition are devoid of any affirmative answer to these questions which, we conclude, raise material issues of fact.
The appellee further contends that the summary judgment should be affirmed because the appellant’s deposition affirmatively shows that she was guilty of contributory negligence by failing to observe the area in which she slipped prior to her injury. This contention is premised on the fact that the appellant had visited the appellee’s store on prior occasions and had observed refuse on the floor. It is to be remembered that at the time of the appellant’s injury, she testified, she was looking at the vegetable counter in anticipation of a selection of fresh vegetables. Obviously, vegetables were placed on the counters by the appellee to attract the attention of its customers and at the time of the injury, appellant was doing exactly what the appel-lee intended by its display.
 The mere fact that the appellant may have previously observed refuse on the floor of the appellee’s store would not necessarily raise a legal duty on her part to expect dangers or perils such as the one which resulted in her injury. The degree of care required to be exercised of a person is usually commensurate with the surroundings, circumstances and nature of the premises. As Justice Terrell said, concurring specially, in Carl’s Markets v. DeFeo, Fla. 1951, 55 So.2d 182, 185:
“The dominant atmosphere of the self serving store reflects cleanliness. Dirt is an abomination to it. There was no reason for her [Mrs. DeFeo] to suspect a green bean or other object on the floor. In fact; I do not think that under the circumstances she was charged with looking for such impediments. This court is committed to the ' doctrine that 'the degree of care required of the operator of any business *884 must be commensurate with the kind and danger of the business he is engaged in. I think this rule should govern the case at bar.”
Having reached the conclusion that summary judgment was improper in this case under the circumstances disclosed by the record, we hasten to point out that this court does not intend to indicate by statements in this opinion a desire on our part to discourage or encourage the granting or denying of summary judgments or decrees. Like any other rule, it can be misused and abused, but on the other hand, its use should not be discouraged to the point of extinction. This we believe has been the view generally expressed by our court of last resort long before the creation of this Court and as we are duty bound to do, we follow and reiterate this view.
Accordingly, the summary judgment appealed from is reversed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.