SHANNON, Judge.
The appellant, plaintiff below, appeals from a summary judgment for the defendants in an action for a real estate commission. Several questions were raised by appellant and one additional question was presented by the defendant, but there is only one question which is decisive on this appeal and that is whether there is a genuine issue as to any material fact.
The plaintiff corporation brought suit for a real estate commission, and insofar as the judgment under review is concerned there were interrogatories propounded to the president of the plaintiff corporation and his answers thereto, certificate of the chairman of the Florida Real Estate Commission, a certified copy of the corporation report and tax return from the secretary of state’s office, and plaintiff’s opposing affidavits consisting of an affidavit of the president of the plaintiff corporation and a certificate of the Chairman of the Florida Real Estate Commission. The summary judgment which was entered by the trial judge recites in part:
“Ordered and Adjudged:
“1. That there is no genuine issue as to any material fact, and that the Defendants are entitled to a judgment as a matter of law. Section 608.06 Sub-section (1), Florida Statutes, 1957 [F.S.A.]; Corporations, 7 Florida Jurisprudence, page 618, Section 329; National Airlines, Inc. v. Florida Equipment Co. of Miami, Fla., 71 So. 2d 741; and Sections 475.01, 475.15, and 475.41, Florida Statutes, 1957 [F.S.A.].
The fact asserted by appellant to be in issue is whether Mary Feiner was sec- . *514 retary and a director of the plaintiff corporation during the period of time involved. If it could be conclusively determined from the pleadings and supporting affidavits that she was, the judgment was correctly entered for the reason that she was not registered 'with the Florida Real Estate Commission during the time the alleged services were performed.
The certified copies of the corporation report and tax return for the years 1956 and 1957 show that Mary Feiner was secretary of the corporation. One certificate of the Chairman of the Florida Real Estate Commission shows that Mary Feiner was registered as a non-active member of the plaintiff corporation from October 1, 1948, to September 30, 1949, but that she has not held a registration at any other time. By the other certificate of the Chairman of the Florida Real Estate Commission it was shown that Dorothy M. Waitzkin was secretary-director and non-active broker for the year ending September 30, 1957, and for the year ending September 30, 1958. There was also filed an affidavit by the president of plaintiff corporation to the effect that Dorothy Waitzkin was secretary-director and non-active broker for the years ending September 30, 1957, and September 30, 1958. In his answers to the interrogatories the president of plaintiff corporation gave the name of Dorothy Waitz-kin as being the secretary and director for 1957.
In Humphrys v. Jarrell, Fla.App. 1958, 104 So.2d 404, 410, Judge Kanner, in reversing the entry of a summary judgment, stated:
“Beyond and above the principles and rules hereinbefore stated, generally, the courts hold the moving party for summary judgment or decree to a strict standard and the papers supporting his position are closely scrutinized, while the papers opposing are leniently treated in determining whether the movant has satisfied the burden required of him. Moore’s Federal Practice, 2nd ed., Vol. 6, p. 2336 and p. 2339. In determining the existence of a genuine issue of material fact,‘all inferences of fact from the proofs proffered at the hearing must be drawn by the trial court against the movant and in favor of the party opposing the motion, Moore’s Federal Practice, 2nd ed., Vol. 6, p. 2125. Likewise, an appellate court should indulge all proper inferences in favor of the party against whom a summary judgment or decree has been requested. See Delany v. Breeding’s Homestead Drug Co., Fla. 1957, 93 So.2d 116; and Pritchard v. Peppercorn & Peppercorn, Inc., Fla. 1957, 96 So.2d 769.”
In Williams v. Board of Public Instruction, Fla.1952, 61 So.2d 493, 494, the Supreme Court stated:
“The party against whom a motion for summary judgment is urged, is not required to present to the court his entire case, nor to present, by affidavit or otherwise, the testimony of all of his witnesses. It is sufficient if he discloses to the Court that he intends to offer proof of facts, in good faith, which, if such facts contradict the facts to be adduced in evidence by the opposite party, present an issue to be determined by a jury. * *
 The defendants urge that the only evidence that Dorothy Waitzkin was secretary-director at the pertinent time is evidence that would not be admissible in a trial of this case, since it violates the best evidence rule and is hearsay. They go on to argue that the corporate minutes are the best evidence as to who is secretary-director. The weakness of defendants’ position lies in the fact that the evidence they produced in support of their motion is subject to the same argument. Notwithstanding these assertions, the trial court should have drawn its inferences of fact from all the instruments submitted by both parties and should have indulged each inference in plaintiff’s favor on the motion for sum *515 mary judgment. A summary judgment may be entered when the record shows no genuine issue of fact, but in this case there is a genuine issue as to who is secretary and director of the plaintiff corporation— Mary Feiner, unregistered, or Dorothy Waitzkin, registered.
Reversed.
ALLEN, C. J., and STEPHENSON, GUNTER, Associate Judge, concur.