KANNER, Judge.
Summary final judgment was entered on behalf of the defendant corporations, Caribbean Keys and Coast Line Construction-Company, hereinafter referred to as the “construction company”; and the plaintiff, I-Iarold Fechtmeyer, a real estate broker, has brought this appeal upon the proposition that there is a genuine issue of material fact precluding summary judgment.
Fechtmeyer sought in the suit below to recover a real estate commission for a sale which he claims to have made as the exclusive sales agent for Caribbean Keys, which acted as sales agent for the construction company in selling lots in its subdivision. Fechtmeyer was to receive a commission upon “package lot deals” or sales of lots with houses already upon them or to be constructed upon them as part of the sales contract.
Contained within the amended complaint were certain allegations comprising the basis for Fechtmeyer’s suit. The following, in essence, comprise the allegations ad■vanced. Fechtmeyer found a purchaser, Clarence Robert Critchfield, who in February, 1958, entered into a contract w ith the .construction company for purchase of a house and lot for $34,400, paying $500 at the time the contract w.as signed and agreeing to pay an additional $2,940.00 when he accepted the house plans. On March 14, 1958, Critchfield sent Fechtmeyer a check for $3,000 to be paid to the construction company upon acceptance of the house plans by the purchaser. Critchfield, pursuant to a provision of the purchase contract, sought and received from a lending agency approval for a loan. In the latter part of April, 1958, John E. Feldmann, president of the construction company, informed Fechtmeyer that Critchfield had accepted the house plans, and Fechtmeyer was shown an agreement to that effect signed by Critchfield. Thereupon, Fecht-meyer endorsed the $3,000 check to the construction company and was given a receipt from Feldmann. Subsequently, the construction company notified Fechtmeyer that Critchfield had refused to consummate the contract and that the company intended to retain as a forfeiture the $3,500 paid. *523 At the request of the construction company, Fechtmeyer agreed to accept 5% of the $3,500 in the event of default by Critch-field and drew up a statement to that effect. On June 1, 1958, Fechtmeyer terminated his exclusive sales agreement with Caribbean Keys, afterwards learning that the construction company, instead of declaring the $3,500 as a forfeiture, applied that sum to the sale of another house and lot to Critchfield. When Fechtmeyer demanded a 41/2% commission of the sales price under the contract of purchase, the construction company refused to pay it.
Attached to and made a part of the complaint by reference were copies of the exclusive sales agreement, the contract with Critchfield, the receipt from the construction company, and Fechtmeyer’s agreement to accept 5% of the $3,500 deposit.
In the main, the defendants denied the allegations of the amended complaint, except for those portions which assert execution of the sales contract and the contract with the purchaser, the receiving by plaintiff a receipt for the $3,000 check, and agreement by the plaintiff to accept 5% of the $3,500 as his commission. Defendants also by their answer alleged that the plans for the house were never agreed upon nor accepted, either by Fechtmeyer or the defendants.
The February 25, 1958, contract with Critchfield provided that “ * * * this contract shall be deemed to be in full effect upon approval of the purchaser by the lending agency for mortgage of Ten Thousand ($10,000.00) dollars, and the approval of the plans by the purchasers.” It also provides a schedule of installment payments of which the following is a part:
“Deposit mentioned above — $ 500.00 At time of accepting plans--$2,940.00”
When Fechtmeyer endorsed the $3,000 check, the receipt given him read as follows :
“April 30, 1958
“Received of Fechtmeyer Real Estate, check in the amount of Three Thousand Dollars ($3000.00) from C. R. Critchfield as agreed in home construction contract dated February 25, 1958 between Coastline construction Co. and C. R. Critchfield.
“Coastline Construction Co.
By: John E. Feldmann”
The foregoing represents a résumé of the pleadings and the material phases of the documents concerned. We now advert to the contents of the supporting and opposing affidavits.
An affidavit of C. R. Critchfield was filed on behalf of the construction company to the effect that his February 25, 1958, contract for purchase of the home never was in effect because he had never approved the plans and specifications for construction ; that subsequently he entered into another agreement for purchase of a home from Coast Line Construction Company with sale being consummated on about July 2, 1958. Feldmann filed a similar affidavit to the effect that Critchfield had never approved the plans and that therefore the contract was of no effect, also pointing out that Fechtmeyer’s-sales contract was terminated about June 1, 1958.
An affidavit filed by Fechtmeyer supported the essential averments of his complaint, with copies of the documents which had been attached to the complaint being also attached to that affidavit. In the affidavit, it was stated that Feldmann had informed Fechtmeyer Critchfield had accepted the plans, that Fechtmeyer was shown an agreement to that effect signed by Critchfield; that Fechtmeyer then endorsed the check to the construction company and received a receipt for the check from Feldmann.
In an opposing affidavit .filed by Feld-mann, it was stated that the purpose of depositing the check was to recover expenses. The matter of the time specified in the contract for Critchfield’s approval of the plans was raised and it was asserted that Fechtmeyer had never performed any services in selling Critchfield the house and lot eventually purchased.
*524 The real question here posed is whether there emerged from the summary proceeding any genuine material issue of fact precluding summary judgment and requiring that the cause proceed to trial. In this respect the defendants argue that the plaintiff failed to create, by competent evidence, such an issue as to the non-existence of the contract due to non-performance of a condition precedent, that is, approval of the house plans. They say that they proved the non-existence of the contract. Of course, with this the plaintiff takes issue.
We must say that the argument of the defendants is not well founded. Without further analysis of the pleadings or the respective affidavits, we must lay emphasis upon the fact that the receipt which Feld-mann signed on behalf of the construction company was for $3,000 received from Critchfield “as agreed in home construction contract dated February 25, 1958.” That receipt attests to the contract’s efficacy, constitutes a denial that the sums stood as a forfeiture, and is contrary to the premise of the defense; for if the contract never came into effect because of failure of a condition precedent, then there was no right to delivery and acceptance of the check and there was nothing to forfeit. This receipt, therefore, is in conflict with the contents of the affidavits filed on behalf of the defendants. An affidavit of Feld-mann states that the $3,000 check was deposited for the sole purpose of recovering the expenses, but this too is contrary to the inferential effect of the written receipt and directly conflicts with the affidavit of the plaintiff to the effect that the receipt was given for the installment due when the plans were accepted. The check was $60 in excess of the amount of the installment payment due upon approval of the plans, but examination of the contract shows that there was no other installment even remotely close in amount to the $3,000; so the receipt constitutes a documentary admission by the construction company of an installment payment under the terms of the contract, indicating inferentially that the plans had been accepted.
The argument that plantiff has used the word “accepted” rather than the word “approved” with reference to the house plans has l-no significance, since the contract itself uses the terms interchangeably, providing in one place for “approval of the plans by the purchasers” and in another for the additional payment of $2,940 “at time of accepting plans.” Moreover the word “accepted” connotes “approved.” See Webster’s New International Dictionary, Second Edition.
In a proceeding for summary judgment the burden of proof is upon the party moving for summary judgment to show lack of a genuine issue of material fact. All doubts as to the existence of such fact must be resolved against the moving party. So it is that a summary proceeding may be utilized only as a vehicle for establishing whether there is a genuine issue of material fact to be determined, and the trial court may not try or determine factual issues in such proceeding. Humphrys v. Jarrell, Fla.App.1958, 104 So.2d 404. It is the function of the trial court when passing on a motion for summary judgment to ascertain if there exists a genuine issue of material fact rather than to adjudicate the probative weight of the evidence as it pertains to disputed facts. Patty v. Food Fair Stores of Florida, Fla.App.1958, 101 So.2d 881.
Consequently, there is conflict as to whether the condition precedent to the effectiveness of the contract had ever occurred. There is therefore a genuine issue of material fact. The judgment is reversed and the cause is remanded for proceedings consistent with this opinion.
Reversed,
ALLEN, C. J., and SHANNON, J., concur.