127 So.2d 696 (1961)
WILLARD HOMES, INC., a Florida corporation, Appellant,
v.
Ola SANDERS, Jr., and Mary C. Sanders, husband and wife, Appellees.
No. 1689.
District Court of Appeal of Florida. Second District.
March 3, 1961.
Rehearing Denied March 23, 1961.
*697 Icard, Merrill, Cullis & Timm, Sarasota, for appellant.
Wood & Scheb, Sarasota, for appellees.
HEWITT, ROBERT S., Associate Judge.
The appellant, plaintiff below, has appealed from a summary final decree entered on behalf of the appellees, defendants below. Willard Homes, Inc., seeks to impress a trust upon real property purchased by it and conveyed to Ola Sanders, Jr., at that time a vice president of the corporation, and his wife, Mary C. Sanders. Willard Homes, Inc., engaged in the construction of residence properties, alleges in its complaint that it supplied the funds for the purchase and improvement of real property, conveying it to Ola Sanders, Jr., and Mary C. Sanders, his wife, without consideration to enable the grantees to effect a sale of the property. By answer Ola Sanders, Jr., and Mary C. Sanders, his wife, allege that the conveyance was a gift absolute. Mary C. Sanders was never an employee or agent of Willard Homes, Inc. Upon the motion of Ola Sanders, Jr., and his wife, for a summary judgment, supported by their affidavits that there was never any agreement or understanding they would reconvey the property to the corporation, the court entered a summary final decree finding among other things that Willard Homes, Inc., could not recover as a matter of law because the property is owned by Ola Sanders, Jr., and Mary C. Sanders, as tenants by the entirety.
It is a settled principle of law in this jurisdiction that where the purchase money of land is paid by one person and title is taken in the name of another a resulting trust arises and the party taking the title is presumed to hold it in trust for him who pays the purchase price. Martin v. Wilson, Fla.App. 1959, 115 So.2d 573; Pyle v. Pyle, Fla. 1951, 53 So.2d 312; Walker v. Landress, 111 Fla. 356, 149 So. 545. A careful consideration of the pleadings and depositions in this cause reveals the existence of a genuine issue of material fact precluding the entry of a summary judgment. It is the function of a trial court in passing on a motion for summary judgment to ascertain if there exists a genuine issue of material fact rather than adjudicate the probative weight of the evidence as it pertains to disputed facts. Patty v. Food Fair Stores of Florida, Inc., Fla. App. 1958, 101 So.2d 881; Fechtmeyer v. *698 Caribbean Keys, Fla.App. 1960, 124 So.2d 521.
Reversed and remanded for further proceedings in conformity with this opinion.
KANNER, Acting C.J., and SHANNON, J., concur.