226 So.2d 129 (1969)
Norman L. PAGE, Appellant,
v.
Jay H. STALEY, Appellee.
No. 1735.
District Court of Appeal of Florida. Fourth District.
August 29, 1969.
*130 Arthur S. Seppi, Fort Lauderdale, for appellant.
Brian T. Hayes, of Parkhurst & Hayes, Fort Lauderdale, for appellee.
WALDEN, Judge.
This is a suit for slander. Summary final judgment was entered for defendant. Plaintiff appeals. We affirm.
Plaintiff charged that defendant made slanderous statements about plaintiff to Moore, a third person, causing plaintiff to be damaged.
At the hearing before the trial court upon defendant's motion for summary judgment the court only had before it the plaintiff's sworn complaint and the depositions of the plaintiff and the defendant, all of which were tendered by defendant.
Defendant flatly denied uttering the slanderous remarks. There was no testimony from Moore. Plaintiff, as to the gravamen of his complaint, could only offer that he had no personal knowledge of the acts of slander. By way of hearsay, plaintiff stated that Moore told plaintiff that defendant had committed the slander.
Rule 1.510(e), F.R.C.P., 31 F.S.A., provides:
"Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein."
Plaintiff's affidavit did not meet the test of the rule for that, as reflected in the record, it was not made on personal knowledge; did not set forth facts that would be admissible in evidence; and affirmatively showed that plaintiff was not competent to testify as to the defendant's commission of the alleged slander. Because of this, his inadmissible hearsay account should not have been considered by the trial court in opposition. Humphrys v. Jarrell, Fla.App. 1958, 104 So.2d 404; Tarkoff v. Schmunk, Fla.App. 1959, 117 So.2d 442; Pollock v. Kelly, Fla.App. 1960, 125 So.2d 109; Evans v. Borkowski, Fla.App. 1962, 139 So.2d 472; Hardcastle v. Mobley, Fla.App. 1962, 143 So.2d 715; Lake v. Konstantinu, Fla.App. 1966, 189 So.2d 171; Producers Fertilzer Co. v. Holder, Fla.App. 1968, 208 So.2d 492.
With the disqualification of plaintiff's sworn complaint and testimony as to the slander, the trial court had before it the defendant's evidence, he being the principal actor, that he was not guilty, and no evidence that he was. Hence, the decision that there was no issue as to the material fact was entirely correct, as movant had met his burden and there was no evidence to the contrary.
The function of summary judgment procedure is to determine if there is sufficient evidence to justify trial upon the issues made by the pleadings, to expedite litigation, and to obviate expense. Meigs v. Lear, Fla.App. 1966, 191 So.2d 286; Cia. Ecuatoriana De Aviacion v. U.S. & Overseas Corp., Fla.App. 1962, 144 So.2d 338; Fish Carburetor Corp. v. Great American Insurance Co., Fla.App. 1961, 125 So.2d 889. We feel that the rule was properly used in this instance and particularly where defendant having shown there was no dispute as to facts, the plaintiff chose to rely upon the paper issues and did nothing to contradict the facts submitted by defendant. Greer v. Workman, Fla.App. 1967, 203 So.2d 665; Hix v. Sirkis, Fla. App. 1966, 190 So.2d 207; Soper v. Stine, Fla.App. 1966, 184 So.2d 892; Hardcastle v. Mobley, supra.
We ask if defendant somehow had an obligation, under the circumstances, to procure the testimony of Moore as a basis *131 for the entitlement of defendant to a summary judgment. We answer in the negative. The criteria is whether from the record there is a genuine issue as to a material fact. When movant with competent witneses shows to the point of a prima facie case and beyond, based on personal knowledge and admissible evidence, there is no dispute, no issue, and there is no evidence to the contrary, movant is entitled to judgment. There is no additional requirement that he show that he has placed in the record the testimony or affidavit of every person qualified to testify. Movant is not required to exclude every other inference from possible other evidence that may be available. Harvey Building, Inc. v. Haley, Fla. 1965, 175 So.2d 780. For instance, if there were a hundred eye witnesses to the event in question the summary judgment rule does not, as we interpret it, oblige movant to file the affidavits of all hundred witnesses. It is enough if he makes a prima facie case. The proposition is correctly stated in the author's comment about Rule 1.510, F.R.C.P., F.S.A., as follows:
"If the movant sustains his initial burden, the opponent has the burden to come forward with counter-evidence revealing a factual issue. The movant need not exclude every possible inference that the opposing party might have other evidence available to prove his case. Should the opponent not come forward with any affidavit or other proof in opposition to a motion for summary judgment, the movant need only establish a prima facie case, whereupon the court may enter such judgment."
The principle is also approved in Harvey Building, Inc. v. Haley, supra. We next consider whether the trial court erred in refusing to grant plaintiff a rehearing.
Plaintiff did not file or attempt to file any affidavit or evidence in opposition. Let it be said that the record discloses that plaintiff did not seek postponement of the summary judgment hearing. He did not seek time for supplementation or otherwise indicate any distress, inconvenience, surprise or disadvantage in the conduct of the hearing as scheduled, and neither did he alert the trial judge or advise him that he had more evidence touching upon the issue, all as he could have done under the procedures available to him under Rule 1.510, F.R.C.P. Under these circumstances, it was the duty of the trial court to proceed to judgment on the basis of the record before him and it would have been wrong, unfair to defendant, and contrary to the intendment of the Rule for the trial judge to have conjured up an issue and denied the motion when there was nothing in the record to justify it.
The calendar of events is of interest:

 July 14, 1967 Defendant's motion for summary judgment and
 notice of hearing were mailed to plaintiff.
 July 18, 1967 Defendant's motion for summary judgment was
 filed.
 August 29, 1967 Hearing on defendant's motion for summary
 judgment was conducted.
 August 29, 1967 Order entered granting defendant's motion for
 summary judgment.
 Sept. 1, 1967 Summary final judgment for defendant entered.
 Sept. 6, 1967 Plaintiff filed his motion for rehearing.
 Sept. 28, 1967 Plaintiff filed affidavit of Moore.
 Oct. 20, 1967 Order entered denying Petition for Rehearing.

*132 As is evident, plaintiff had abundant opportunity to either file an affidavit in opposition or to obtain whatever extension was necessary to do so. He did nothing until after the hearing and judgment.
We are mindful of the principles announced in Holl v. Talcott, Fla. 1966, 191 So.2d 40, and Stephens v. Dichtenmueller, Fla. 1968, 216 So.2d 448, and are in sympathy with the idea that caution should be exercised in foreclosing a litigant from the benefit of a trial. However, we feel that judicial indulgences, forbearances and concerns extended to persons moved against in summary judgment have areas of outer limitation. This case rests outside such bounds and earns not the consideration of this court.
The reason advanced for the failure to timely file Moore's affidavit was this statement in the petition for rehearing:
"4. Because of the witness' absence from the State of Florida and the knowledge that he would return to the State of Florida in February, or upon request, for trial, the Plaintiff's attorney has not heretofore secured his deposition or affidavit."
No excuse was given for failing to obtain postponement or leave to file a tardy affidavit. In other words, plaintiff seeks two clean, independent bites at the apple. This is contrary to our idea of jurisprudence and the orderly rules of procedure.
The Holl and Stephens cases, supra, are distinguishable. In Holl, the trial court struck the original affidavit of an expert and subsequently refused to admit a new affidavit to correct the deficiencies of the stricken one. In Stephens, the affidavit was deficient in two respects and the plaintiff orally moved that she be given the right to correct her deficiency. The Supreme Court held that it was error to deny her this right. In the instant case no indication was given the trial court prior to judgment that additional affidavits or testimony could be produced.
The criteria for granting a rehearing is distilled at 23 Fla.Jur., New Trial, § 64, as follows:
"To warrant the granting of a new trial on the ground of newly discovered evidence, it must appear that the evidence is such as will probably change the result if a new trial is granted, that it has been discovered since the trial and could not have been discovered before the trial by the exercise of due diligence, is material to the issue, and is not merely cumulative or impeaching."
Here the trial court cannot be faulted in denying plaintiff's petition for rehearing because the evidence to be given by Moore was not newly discovered and the plaintiff did not use due or any kind of diligence or effort to produce Moore's affidavit for the hearing.
Our survey of this appeal leaves us convinced that error has not been made to appear and that the summary final judgment for defendant should be approved.
Affirmed.
REED and OWEN, JJ., concur.