255 So.2d 279 (1971)
COQUINA RIDGE PROPERTIES, Appellant,
v.
EAST WEST COMPANY, a Texas Corporation Authorized to Do Business in Florida, Appellee.
No. 70-1064.
District Court of Appeal of Florida, Fourth District.
November 12, 1971.
Rehearing Denied December 21, 1971.
Jackson A. Cargill and Charles H. Williams, Orlando, for appellant.
John Minot, of Shepard, Shepard & Minot, Cocoa, for appellee.
MAGER, Judge.
Defendant appeals from a summary final judgment entered in favor of the plaintiff. Plaintiff filed a complaint seeking collection of a promissory note executed and delivered by defendant to Memorial Village Builders, Inc. Defendant's answer raised the defense of lack of consideration for the execution of the said note. Both *280 parties had moved for summary judgment with supporting affidavits.
We reverse on the basis that the evidence before the trial court reflects the existence of genuine issues of material fact with respect to the consideration supporting the execution of the promissory note thereby precluding the entry of summary judgment.
Before summary judgment may be granted there must be no genuine issue as to any material fact and the moving party must be entitled to summary judgment as a matter of law. Graham v. First Marion Bank, Fla.App. 1970, 237 So.2d 793; Rule 1.510, FRCP, 31 F.S.A. See also Shollenberger v. Baskin, Fla.App. 1969, 227 So.2d 79. Conversely, if disputed issues exist as to any material fact a summary judgment should not be granted. See 30 Fla.Jur., Summary Judgment, § 9. The trial court may not try or determine factual issues in such proceedings; consider either the weight of the conflicting evidence or the credibility of the witnesses in determining whether there exists a genuine issue of material fact; substitute itself for the trier of fact and determine controverted issues of fact. Baskin v. Griffith, Fla.App. 1961, 127 So.2d 467; Humphrys v. Jarrell, Fla.App. 1958, 104 So.2d 404; Jones v. Stoutenburgh, Fla. 1956, 91 So.2d 299; Willard Homes, Inc. v. Sanders, Fla.App. 1961, 127 So.2d 696; Strode v. Southern Steel Construction Company, Fla.App. 1966, 188 So.2d 690.[1] Even if the judge who is hearing the motion for summary judgment will be the same judge who will determine controverted issues of fact following a full hearing on the merits the distinction between the function of the judge in these two capacities must be maintained. In Baskin v. Griffith, supra, it is stated, 127 So.2d at p. 474:
"* * * This is something more than a mere `changing of judicial caps.' With [sic] a judge hears the motion for summary final decree, his function is to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to a final decree as a matter of law. When the judge is considering the entry of a final decree after a full hearing on the merits, he, as the trier of the facts, determines controverted factual issues, and draws inferences of fact from the substantial, competent evidence adduced by the parties."
Proceedings for a summary judgment may never be used as a substitute for a trial if from the evidence before the court there appears to be a genuine issue of some material fact which must be established in order for either party to prevail. Pollock v. Kelly, Fla.App. 1960, 125 So.2d 109. Whether the evidence offered by the defendant was sufficient to establish the want or failure of consideration was a question of fact to be tried and resolved by the trier of fact. J.B. Colt Co. v. Gainey, 1931, 102 Fla. 1065, 136 So. 698; cf. Wagner v. Bonucelli, Fla.App. 1970, 239 So.2d 619.
Although we reverse on the basis of the application of the aforementioned principles relating to summary judgment we note in passing that the defendant's contention regarding the absence of the original promissory note as precluding the entry of summary judgment is without merit. The record reflects that this issue was not raised by the defendant in the trial court and accordingly cannot be raised for the first time before this court.
Accordingly, the summary final judgment is reversed and the cause remanded to the trial court for further proceedings.
CROSS and OWEN, JJ., concur.
NOTES
[1] It does not follow that because both parties move for summary judgment that there is actually no genuine issue of material fact as this matter must be determined from the pleadings and evidence before the court. Shaffran v. Holness, Fla. 1957, 93 So.2d 94.