256 So.2d 264 (1971)
B.D. HAM and Estelle I. Ham, His Wife, Appellants,
v.
HEINTZELMAN'S FORD, INC., Appellee.
No. 71-303.
District Court of Appeal of Florida, Fourth District.
December 10, 1971.
Rehearing Denied January 25, 1972.
*265 Marvin E. Newman, of Marvin E. Newman & Jon S. Rosenberg, Orlando, for appellants.
William L. Eagan, of Arnold, Matheny & Eagan, Orlando, for appellee.
MAGER, Judge.
Plaintiffs appeal from a final order granting summary judgment in favor of *266 the defendant. Plaintiffs filed a complaint containing two counts. Count I seeks rescission of a contract for the sale and purchase of an automobile based upon alleged material misrepresentations on the part of the defendant and its agents; such alleged misrepresentations being that the defendant represented the said automobile to be a "demonstrator" automobile never having been the subject of lease or rental. In support of their contention of this material misrepresentation plaintiffs attached a certified copy of a certificate of title issued by the Division of Motor Vehicles which contained the following notation thereon:
"This vehicle is or has previously been used as a long T lease".
Count II of the complaint sought damages on the basis that the value of the vehicle was significantly lower than that which plaintiffs had bargained for and that plaintiffs had expended large sums of money to correct mechanical difficulties all of which plaintiffs claimed were the result of the vehicle having been a leased automobile rather than a demonstrator.
Defendant filed its answer contending that the complaint failed to state a cause of action in that the plaintiffs did not allege with particularity that the vehicle was in fact leased to any person or entity. Defendant's answer also denied that the vehicle in question had been a leased vehicle. Defendant additionally propounded interrogatories to the plaintiff which, among other things, sought to ascertain to whom and for how long a period the vehicle was leased. In response to these specific requests the plaintiffs' answer was that "they do not know". Thereafter defendant moved for summary judgment on the basis that there was no genuine issue as to any material facts and that defendant was entitled to judgment as a matter of law. In support of its motion defendant filed an affidavit by one of its agents in which it was stated that the vehicle in question was used by the affiant as his personal "demonstrator" automobile up until the time of sale to the plaintiffs and that it had never been leased or rented. One of the plaintiffs filed an affidavit in opposition to defendant's motion in which affiant alluded to certain statements made by defendant's agents or employees regarding the representation that the vehicle was a demonstrator, upon which representation plaintiff had relied and which representation plaintiff alleged to have been false. In support of the affiant's assertions regarding the alleged misrepresentations plaintiff again attached a copy of the certificate of title mentioned above.
Defendant's motion for summary judgment was granted and it is from this order that the instant appeal has ensued.
The basic contention of the plaintiffs is that the pleadings, affidavits and exhibits clearly reflect a genuine issue as to material facts so as to preclude the entry of a summary judgment. Defendant, however, contends that the affidavit of its agent contained direct and unequivocal statements based on personal knowledge that the vehicle was not a leased vehicle; and having presented evidence in support of the claimed nonexistence of material issue, it was entitled to summary judgment inasmuch as the plaintiff did not come forward with any competent admissible evidence controverting defendant's affidavit. The defendant also contends that plaintiff's affidavit did not reflect any direct evidence or personal knowledge that there had ever been any lease of the automobile and that plaintiffs' sole reliance was upon the "hearsay notation on the title certificate". In regard to this latter contention defendant asserts that plaintiff's "reliance on the erroneous notation on the title certificate is reliance on a paper issue".
Examination of the case law dealing with summary judgments reveals a plethora of judicial expression. In case after case reference is made to the general principle that a summary judgment may be entered where the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment *267 as a matter of law. However, it is in the application of this principle that difficulty has arisen because there is no rigid or magic formula available to determine the existence of a genuine issue of material fact. It is not unusual to find affirmative pronouncements indicating when summary judgment is applicable as well as corresponding negative declarations. For example, it has been stated that while the fundamental purpose of a summary is to relieve the litigants and the courts from the trial of unnecessary lawsuits, a summary judgment is not a substitute for a trial and caution should be exercised in foreclosing a litigant from the benefit of trial. Page v. Staley, Fla.App. 1969, 226 So.2d 129. Further, where the controversy is purely one of law to be decided on undisputed facts summary judgment may be granted. However, a summary judgment should not be entered even where the evidence as to a material fact is undisputed if there are conflicting inferences of fact reasonably deducible from that undisputed evidence. Herold v. Computer Components International, Inc., Fla.App. 1971, 252 So.2d 576. From these illustrations we can see the difficulty facing the courts in disposing of cases at the summary judgment stage.
One particular area of difficulty which has led to the improvident entry of a summary judgment has been the failure of the courts to recognize the distinction tween the existence of a genuine issue of material fact and the adjudication of a material fact. The function of the court in passing on a motion for summary judgment is simply to determine whether a genuine issue exists and whether such issue is material; it does not determine the issue. 30 Fla.Jur., Summary Judgment, § 10, p. 348. As was observed in Fechtmeyer v. Caribbean Keys, Fla.App. 1960, 124 So.2d 521, at 524:
"In a proceeding for summary judgment the burden of proof is upon the party moving for summary judgment to show lack of a genuine issue of material fact. All doubts as to the existence of such fact must be resolved against the moving party. So it is that a summary proceeding may be utilized only as a vehicle for establishing whether there is a genuine issue of material fact to be determined, and the trial court may not try or determine factual issues in such proceeding. Humphrys v. Jarrell, Fla.App. 1958, 104 So.2d 404. It is the function of the trial court when passing on a motion for summary judgment to ascertain if there exists a genuine issue of material fact rather than to adjudicate the probative weight of the evidence as it pertains to disputed facts. Patty v. Food Fair Stores of Florida, Fla.App. 1958, 101 So.2d 881." (Emphasis added.)
See also Coquina Ridge Properties v. East West Company, Fourth District Court of Appeal, opinion filed November 12, 1971, 255 So.2d 279. In the last analysis, application of these principles will devolve upon the facts and circumstances of the particular case.
In the case sub judice, the two material fact issues necessitating determination are: (1) whether the automobile was the subject of a long-term lease and (2) whether any misrepresentations of material fact were made bearing upon the status of such vehicle. Obviously if the vehicle was not a leased vehicle but in fact a demonstrator then the cause would be moot and it would not be necessary to reach the question of defendant's alleged misrepresentation. If the vehicle was in fact the subject of a long-term lease then it would be necessary to ascertain whether a misrepresentation of such fact occurred.
In support of its complaint plaintiffs attached a certified copy of the certificate of title of the vehicle in question which indicated on its face that the vehicle is or had been previously the subject of a long-term lease. In addition to denying plaintiffs' allegation to this effect defendant supported its motion for summary judgment with an affidavit by one of its agents stating that the vehicle was never the subject of a long-term lease. In an effort to oppose *268 defendant's affidavit one of the plaintiffs submitted his own affidavit which again alluded to the certificate of title, appending a copy of such certificate to the affidavit.
In order to conclude that there was no genuine issue as to any material fact the court either did not give the certificate of title any efficacy or decided to give greater weight to the affidavit of defendant's agent stating that the vehicle never was the subject of a long-term lease. In this respect it is our opinion that the trial court was in error. To resolve the conflict between the certificate of title and the affidavit of defendant's agent, the court necessarily had to adjudicate the probative value of this evidence. See Fechtmeyer v. Caribbean Keys, supra. An issue of credibility was inherent in such determination; and when an issue of credibility is present a summary judgment should not be granted. Madison v. Haynes, Fla.App. 1969, 220 So.2d 44; Firestone v. Time, Inc., Fla.App. 1970, 231 So.2d 862. Moreover, the court, in effect, had to conclude that the notation on the certificate of title was made in error or simply that such notation did not mean what it said.[1] While such a determination can ultimately be made at a hearing on the merits it is our view that it cannot be made at the summary judgment stage. In this regard the observations made in Nance v. Ball, Fla. App. 1961, 134 So.2d 35, at pp. 37-38, are appropriate:
"Some cases are clearly disposable by summary judgment. There are also marginal cases posing colorable issues which the trial court may consider so weakly supported as to indicate the futility of a full hearing on the merits. In such a case, where adherence to the rule of caution results in a denial of summary judgment, the court may feel that there has been an unjustified extension of fruitless litigation. Our own experience attests an occasional impulse to amputate at once rather than face the prospect of surgery by painful stages, but herein lies the occasional margin of error.
"The trial court may be convinced that a doubtful or marginal case would be practically unprovable, and most frequently that could be the net result. We do not apprehend, however, that the denial of summary judgment in such cases would likely result in ultimate miscarriage of justice. There are other stages along the procedural panorama where the court may terminate a case or control its direction, viz., (1) on motion for directed verdict at the conclusion of plaintiff's case, (2) on motion for directed verdict at the conclusion of all the evidence, (3) on motion for a new trial, and (4) on motion for judgment notwithstanding the verdict. There remains also the possibility that further proceedings might bring out added factors which could change the complexion of the case." (Emphasis added.)
We agree with the defendant that an affidavit predicated upon inadmissible hearsay does not comply with the summary judgment rule and cannot be utilized either in support of or in opposition to summary judgment. Page v. Staley, supra; Feiner's Organization, Inc. v. Dickson, Fla.App. 1959, 114 So.2d 513. However, we are unable to see how this proposition would obviate the effect of a title certificate. According to the provisions of F.S. Chapter 319, F.S.A., it is necessary to obtain a title certificate in connection with the dispositon of a motor vehicle. In particular, Section 319.14 provides that before a motor vehicle previously used in a long-term lease can be sold the certificate of title for such motor vehicle must be surrendered to the department of motor vehicles in order that the department shall *269 stamp in a conspicuous place on such certificate of title the words: "This motor vehicle has previously been used under `long term lease'". The fact that the law requires this procedure to be followed and the fact that the certificate in the case sub judice contains the quoted notation is more than sufficient to give rise to a reasonble inference that an issue of fact is yet to be resolved, to wit, whether or not the motor vehicle in question was the subject of a long-term lease. See Harvey Building, Inc. v. Haley, Fla. 1965, 175 So.2d 780; Feiner's Organization, Inc. v. Dickson, supra; Fechtmeyer v. Caribbean Keys, supra; Hix v. Sirkis, Fla.App. 1966, 190 So.2d 207.
In our opinion a certificate of title, the securing of which the law requires, would be admissible in evidence under the public records exception to the hearsay rule and would constitute prima facie evidence of what it purported to show; and the duly certified copy thereof would also be admissible. Valdes v. Prudence Mutual Casualty Co., Fla.App. 1969, 226 So.2d 119; Corbett v. Berg, Fla.App. 1963, 152 So.2d 196; Smith v. Mott, Fla. 1957, 100 So.2d 173; Mutual Life Ins. Co. of New York v. Knight, 1937, 130 Fla. 733, 178 So. 898. See also F.S. Sections 92.12 and 119.011, F.S.A. Paraphrasing what the Supreme Court stated in Mutual, supra, if the verity of the certificate is to be overthrown the duty is on the one challenging it to do so. Defendant's affidavit which, in effect, challenged the notation on the certificate of title created a genuine issue of a material fact precluding the entry of summary judgment. The certificate of title should have been treated as a counter-affidavit and thereby accorded equal dignity with the affidavit supporting defendant's motion for summary judgment. See Booth v. Board of Public Instruction of Dade County, Fla. 1953, 67 So.2d 690.
It might be well to observe that defendant's reference to the existence of a "paper issue" is not applicable. See Page v. Staley, supra. Compare with Edwards v. Trulis, Fla.App. 1968, 212 So.2d 893. The so called "paper issue" principle would arise in a circumstance where the nonmoving party or plaintiff seeks to rely solely on his pleadings and makes no effort to contradict facts submitted by the moving party in the form of testimony or affidavit. Page v. Staley, supra. Here, we have an additional piece of evidence, to wit, the certificate of title, which is in direct conflict with the defendant's affidavit and seemingly would require testimony to refute the notation thereon or testimony to explain such notation. We deem this to be more than a paper issue and one not susceptible to summary judgment at this stage.
For the foregoing reasons the summary judgment is reversed and the cause remanded.
REED, C.J., and OWEN, J., concur.
NOTES
[1] See F.S. Section 319.23(1), F.S.A., which requires that the application for certificate of title be made under oath. See also F.S. Section 319.14, F.S.A., setting forth the circumstances under which the notation in question is customarily affixed.