HOBSON, Judge.
Appellant appeals the entry of a final summary judgment for the appellee. This action arose as a suit by appellant for specific performance based on a contract to purchase land from the appellee.
Appellee filed his motion for summary judgment together with an affidavit stating facts that were sufficient to prove that appellant had breached the contract and therefore he was not entitled to specific performance. This motion was filed November 22, 1972. The hearing on the motion was held on January 17, 1973, at which time the only affidavit before the trial court was that of the appellee. Appellant’s deposition was taken on October 6, 1972 but had never been transcribed.
The appellee had carried his burden of proving the nonexistence of a genuine triable issue at which time the burden shifted to the appellant to prove the existence of such issues. Holl v. Talcott, Fla.1966, 191 So.2d 40. The appellant sat idly by from November 22, 1972 (the date of the filing of the motion for summary judgment) and did nothing to bring before the trial judge any proof of the existence of a genuine triable issue in the case. He neither filed a counter-affidavit nor attempted to have his deposition transcribed and filed in the cause.
Under these circumstances there was nothing the trial judge could have done other than grant the motion. Page v. Staley, Fla.App.4th 1969, 226 So.2d 129. Therefore, the final summary judgment appealed is affirmed.
Affirmed.
BOARDMAN, J., concurs.
MANN, C. J., dissents.