PER CURIAM.
Outzen appeals from a summary judgment granted in favor of appellee, Jack Eckerd Corporation, urging there are genuine issues of material fact to be resolved by a jury. We agree and reverse.
The facts as presented give rise to a jury question on the issue of whether Ms. Bowen was within the scope of her employment when she had the automobile accident. Although the facts themselves are not in conflict, they will permit of different reasonable inferences. Jacobi v. Claude Noian, Inc., 122 So.2d 783 (Fla. 1st DCA 1960), Ham v. Heintzelman’s Ford, Inc., 256 So.2d 264 (Fla. 4th DCA 1971). We cannot agree that movant was entitled to judgment as a matter of law. Cohen v. Sloan, 190 So. 14 (Fla.1939), Swartzer v. Food Fair Stores, Inc., 175 So.2d 36 (Fla.1965), Thurston v. Morrison, 141 So.2d 291 (Fla. 2d DCA 1962), Whetzel v. Metropolitan Life Insurance Company, 266 So.2d 89 (Fla. 4th DCA 1972).
Accordingly, the summary judgment is reversed and remanded for a full trial on the issue.
MILLS, C. J., and McCORD, J., concur.
THOMPSON, J., dissents.