HARTFORD FIRE INS. CO., HARTFORD, CONN., v. WAR EAGLE COAL CO.

(Circuit Court of Appeals, Fourth Circuit. February 5, 1924.)

No. 2165.

1. **Insurance** ☞668(10)—**Whether civil commotion caused loss by fire question of fact.**

In an action on a fire policy covering mine property in a county where miners were on strike, whether the destruction of the property was a consequence of civil commotion, within the meaning of an exception in the policy, *held* a question of fact.

2. **Appeal and error** ☞1008(1)—**Finding of trial judge final.**

Where the evidence raised an issue of fact, finding of trial judge thereon was final.

3. **Appeal and error** ☞248—**No review of judgment in absence of exceptions.**

No exceptions to the rulings of the trial court in the course of the trial being presented, the reviewing court is without power to review the judgment.

In Error to the District Court of the United States for the Southern District of West Virginia, at Huntington; George W. McClintic, Judge.

Action by the War Eagle Coal Company against the Hartford Fire Insurance Company, Hartford, Conn., which was removed from the state court on the ground of diversity of citizenship. Judgment for plaintiff, and defendant brings error. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Harry Scherr, of Williamson, W. Va. (E. H. Hicks, of Chicago, Ill., and Wells Goodykoontz and Lant R. Slaven, both of Williamson, W. Va., on the brief), for plaintiff in error.

Joseph M. Sanders, of Bluefield, W. Va. (S. D. Stokes, of Williamson, W. Va., and Geo. P. Crockett and A. G. Fox, both of Bluefield, W. Va., on the brief), for defendant in error.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. The Hartford Fire Insurance Company issued its policy for $35,000, dated December 14, 1920, covering the buildings of War Eagle Coal Company in Mingo county, W. Va. The policy contained the provision that the insurer "shall not be liable for loss or damage caused directly or indirectly by invasion, insurrection, civil war or commotion." A part of the property of the value of $4,-383.07 was destroyed by fire on May 19, 1921. This action on the policy was removed from the state court on the ground of diversity of citizenship. At the trial in the District Court it was stipulated that this action and others of like nature "may be heard by the court together in lieu of a jury, the parties hereto waiving trial by jury"; and that the trial should be solely on the issue made by the answer "that the loss or damage sustained by the plaintiff was caused either directly or indirectly by riot or civil commotion." At the trial of the cause without a jury on the issue stated, the District Judge, after hearing evidence and arguments, found in favor of the plaintiff and entered judgment accordingly. A motion afterwards made for a new trial and for a judgment in favor of the defendant was refused. The defendant's exceptions and assignments of error set up only one general ground for reversal, namely, that the court erred in finding in favor of the plaintiff and against the defendant on the one issue of fact whether the loss or damage was caused either directly or indirectly by riot or civil commotion.

In support of the defense on the exception in the policy, the defendant proved a state of organized and continued lawlessness in Mingo county attending a strike of miners and the struggle of the United Mine Workers of America to organize the mines of the county as union mines; fear and apprehension of the people; an order of the circuit court of Mingo county obtained by the plaintiff on October 7, 1920, enjoining the United Mine Workers of America and others acting with them from trespassing upon the property of the plaintiff, and from offering threats, doing violence or using force, and from intimidating or molesting any of plaintiff's employees or servants; the proclamation of the Governor dated May 19, 1921, declaring a state of war, insurrection, and riot to exist in Mingo county, and putting the county under martial law. The uncontradicted evidence on behalf of the defendant tended strongly to prove the formation of a conspiracy the day before the fire by five men to blow up with dynamite mine property of the War Eagle Coal Company in furtherance of the effort to unionize the mines; and the carrying out of the conspiracy, resulting in the fire and terror of the people living in the vicinity.

On the other hand, the plaintiff introduced evidence tending to prove conditions of disorder much greater in other portions of the county

along the railroad than in the vicinity of the War Eagle mines; the comparative quiet at the War Eagle mines; the current operation of the mines without interference; the fact that the mining company had not asked for official mine guards; and the absence of any disorders at the mine for some time preceding the explosion and fire.

The evidence showed that the fire was not caused by riot, for there was no tumult nor disturbances, nor even a demonstration before the fire. On the contrary, the conspirators went to the property at 1 o'clock in the morning and did their work secretly.

A "civil commotion" has been defined:

"An uprising among a mass of people which occasions a serious and prolonged disturbance and an infraction of civil order, not attaining the status of war or an armed insurrection. A civil commotion requires the wild or irregular action of many persons assembled together." 11 C. J. 794.

[1, 2] We think there can be little doubt that civil commotion arose from time to time in some portions of Mingo county. It seems to us the evidence raised a serious question whether the conspiracy and destruction of the War Eagle mine property was a consequence of lawlessness in sections of the county where there had been civil commotion, or was due to the independent initiative of the five conspirators acting secretly and quietly in furtherance of the effort to unionize the mines. Since the evidence raised this issue of fact, the finding of the trial judge was final.

[3] No exceptions to the rulings of the court in the course of the trial are presented, and this court, is, therefore, without power to review the judgment. Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321, 28 L. Ed. 862; Lloyd v. McWilliams, 137 U. S. 576, 11 Sup. Ct. 173, 34 L. Ed. 788; British Queen Mining Co. v. Baker Silver Mining Co., 139 U. S. 222, 11 Sup. Ct. 523, 35 L. Ed. 147; Behm, Meyer & Co. v. Campbell, & Go Tauco, 205 U. S. 403, 407, 27 Sup. Ct. 502, 51 L. Ed. 857; King v. West Virginia et al., 216 U. S. 92, 100, 30 Sup. Ct. 225, 54 L. Ed. 396.

Affirmed.