WALDEN, Judge.
We approach again the question which has so often and for so long confounded counsel and the courts — should summary judgment have been entered?
The principles of law are well known and this case does not require a rehashing, a refinement or a re-consideration of them.
We reverse the summary final judgment here appealed for the reason that there are genuine issues of material fact which should have precluded its entry. Rule 1.510, R.C.P., 31 F.S.A. What are they? A firm of attorneys had obtained summary final judgment against the defendants, husband and wife, for attorneys’ fees in the sum of $2,694.72, plus costs and interest. Looking at the material properly before the trial court, we catalog at least these:
1. Was the defendant wife obligated to pay the attorney fees claimed? There was evidence that she had never dealt with plaintiff’s attorneys; had never agreed to pay them; and that all statements of accounts had been rendered only to the defendant, husband.
2. Were plaintiffs entitled to receive $2,694.72, the amount of the judgment? The defendant, husband, says that the fees in a certain bankruptcy suit for which $2,152.50 was claimed were not to have exceeded $300.00 and that he had never approved or become indebted for a larger sum. This is an issue despite the defendants’ unsworn pleading in another suit which reflected that plaintiffs were entitled to fees from a certain deposit in another suit as there is no showing that defendants agreed to pay them.
3. There is a blanket denial under oath of the allegations of the plaintiffs which they made in support of their motion.
The summary judgment procedure is not a trial by affidavits, Weinstein v. General Accident Fire and Life Assurance Company, Limited, Fla.App.1962, 141 So.2d 318. The judgment is reversed by authority of Jack Drury & Associates, Inc. v. City of Fort Lauderdale, Fla.App.1967, 203 So.2d 361, and remanded for further proceedings consistent herewith.
Reversed.
REED and OWEN, JJ., concur.