231 So.2d 862 (1970)
Mary Alice FIRESTONE, Appellant,
v.
TIME, INC., a Foreign Corporation Transacting Business in the State of Florida, Appellee.
No. 2640.
District Court of Appeal of Florida. Fourth District.
January 26, 1970.
Rehearing Denied March 5, 1970.
*863 Joseph D. Farish, Jr., and Martin J.A. Yeager of Farish & Farish, West Palm Beach, for appellant.
H.R. Medina, New York City, and William S. Frates and Guy B. Bailey, Jr., of Frates, Fay, Floyd & Pearson, Miami, for appellee.
CROSS, Chief Judge.
Appellant-plaintiff, Mary Alice Firestone, appeals from a summary final judgment entered in favor of the defendant-appellee, Time, Inc., a foreign corporation transacting business in the State of Florida, in a cause of action in defamation. We reverse.
On December 15, 1967, Mary Alice Firestone was granted a divorce from Russell A. Firestone, Jr. The defendant, Time, Inc., the publisher of the magazine "Time," printed on December 22, 1967, under the heading "Milestones" the following article:
"Divorced. By Russell A. Firestone, Jr., 41, heir to the tire fortune; Mary Alice Sullivan Firestone, 32, his third wife; a onetime Palm Beach schoolteacher; on grounds of extreme cruelty and adultery; after six years of marriage, one son; in West Palm Beach, Fla. The 17-month intermittent trial produced enough testimony of extra-marital adventures on both sides, said the judge, `to make Dr. Freud's hair curl'."
Thereafter on January 19, 1968, the plaintiff, Mary Alice Firestone, by her attorney demanded in writing a retraction of the said article. The defendant declined to retract.
Plaintiff then filed her complaint alleging that the defendant had maliciously prepared, composed, published and distributed the above alluded to article, which she claimed to be defamatory. The defendant in answer to plaintiff's complaint, denied the material allegations and asserted among other things the absence of actual malice.
Written interrogatories were propounded to the defendant, and prior to answer thereto the defendant moved for summary judgment. At the hearing on the motion for summary judgment the plaintiff orally moved for a continuance based on the fact that the defendant had not yet answered the interrogatories and that the interrogatories requested answers that would contain evidence material and relevant to the issues. The trial court denied the continuance.
After the defendant answered the interrogatories and prior to the court's ruling on the motion for summary judgment, the plaintiff submitted an affidavit of one Joseph D. Farish, Jr., which she asserted was in part based upon defendant's answers to interrogatories. The trial court declined to consider the affidavit on the basis of its being untimely filed. Summary judgment was entered for the defendant, which in part reads as follows:
"This cause was presented on Defendant's Motion for Summary Judgment. The Court has heard arguments of counsel, has considered the pleadings and the affidavits, timely filed, and the authorities cited, as well as other authorities. *864 The Court cannot consider the affidavit of Joseph D. Farish, Jr., Esquire since the same was not filed until October 18, 1968, ten days following the hearing on Defendant's motion (see Siciliano v. Hunerberg [Fla.App.], 135 So.2d 750 and Stiles, Inc. v. Evans [Stiles, Inc. v. George Evans Co., Fla. App.], 206 So.2d 65).
"Plaintiff relies on the case of Belli v. Orlando Daily Newspapers, [5 Cir.] 389 Fed.2d 579. This Court also relied on this case in holding that the Complaint states a cause of action, its allegations being taken as true for purpose of ruling on the motion to dismiss. We are now, however, considering whether there is an issue of material fact. The evidence which may be considered by way of affidavits and answers to interrogatories is uncontradicted. In the opinion of this Court it shows that Defendant did not `maliciously' prepare the article in question, that Defendant did not know that any words contained therein were untrue, and that Defendant did not act with malice towards the plaintiff. Defendant's thorough investigation of the facts, prior to publication of the article conclusively shows a lack of malice or recklessness. Under the facts shown and the authorities studied by the Court, Defendant's motion must be granted. It is thereupon,
"ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment is granted."
Thereafter plaintiff moved for rehearing. The trial court denied this motion. This appeal followed.
The purpose of RCP Rule 1.510, 31 F.S.A., is to permit expeditious disposition of cases where no substantial issue of fact is presented for determination. It is intended to permit the trial court to pierce formal allegations of fact in pleadings and grant relief by summary judgment when it appears that the uncontroverted facts set forth in the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Leaks v. Adeimy, Fla. App. 1967, 195 So.2d 47; Lab v. Hall, Fla. App. 1967, 200 So.2d 556; Stevens v. Gray, Fla.App. 1969, 217 So.2d 350. But it is not intended that litigants shall be deprived of their right to a full hearing on the merits if any real issue of fact is tendered and "the power to pierce the flimsy and transparent factual veil should be temperately and cautiously used lest abuse reap nullification." Avrick v. Rockmont Envelope Co., 10 Cir.1946, 155 F.2d 568, 571. Thus the standards of decisions governing the granting or denying of a summary judgment emphasize that a party opposing a motion is not to be denied a trial unless the moving party sustains the burden of establishing the absence of a genuine issue of material fact. At the same time the standards are to be applied with discriminating care so as not to defeat a summary judgment if the movant is justly entitled to one. It is the movant's burden to exclude the existence of any genuine issue of material fact. 6 Moore, Federal Practice ¶ 56.15(3). All reasonable inferences are drawn against the movant in favor of the opponent of the motion. Lab v. Hall, supra. The papers supporting the motion are closely scrutinized, and the opposing papers indulgently treated. Holl v. Talcott, Fla. 1966, 191 So.2d 40.
It is not to be concluded that palpably no genuine issue as to any material fact exists solely because the evidence opposing the claimed fact strikes the judge as being incredible. Issues of credibility are ordinarily for the trier of fact, and the trial court judge does not function as a trier of fact in determining a motion for summary judgment.
Where, as in the case at bar, the opposing party charges the moving party *865 with printing a defamatory publication with malice, and must probe the conscience of the moving party to prove her case, or in any case where the subjective elements of willfulness, intent, maliciousness or good faith of the moving party are material to the claim or defense of the opposing party, a conclusion from papers alone that palpably there exists no genuine issue of material fact will ordinarily be very difficult to sustain. The telltale factor of demeanor in the presence of the trier of fact often assumes such vital importance in cases as the one at bar that the opposing party should generally not be denied the opportunity to have the moving party or its officers, employees or agents appear on the witness stand before the trier of fact. Indeed, subjective elements aside, a note of caution has been sounded in summary judgment proceedings in those cases where the opposing party must prove his claim or defense from what he can draw from the other party. Bozant v. Bank of New York, 2 Cir.1946, 156 F.2d 787.
The summary judgment procedure is not a trial by affidavits. Durkin v. Morgan, Fla.App. 1969, 227 So.2d 231. Ample opportunity should be granted to the opposing party to justify his opposition. RCP Rule 1.510(f) provides that:
"If it appears from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."
Plainly, this section of Rule 1.510 contemplates that a denial of the motion for summary judgment is not always to be the result, but the ruling may be deferred and the motion decided after the opposing party has been granted an opportunity to develop through affidavits or depositions material necessary to justify his opposition.
Accordingly, the summary final judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent herewith.
Reversed and remanded.
McCAIN, J., concurs.
REED, J., specially concurs, with opinion.
REED, Judge (concurring specially):
The plaintiff's motion for summary judgment was accompanied by affidavits of its employees each of whom played a part in the construction of the allegedly defamatory article. These affidavits denied actual malice on the part of the defendant and its employees toward the plaintiff and also denied that defendant's employees had knowledge of the falsity of the article. The affidavits set forth in some detail the source of the information which appeared in the article as well as the efforts involved in checking the accuracy of that information. Basically the source of the information is traceable through the affidavits back to one Robert W. Delaney, a writer associated with Time Magazine. According to the Delaney affidavit, he was told by the attorney for the plaintiff that the grounds for the divorce were adultery and extreme cruelty. The Delaney affidavit also states that Delaney spoke directly with the trial judge, although the affidavit does not relate the conversation between the two of them. The Delaney affidavit is silent as to whether or not Delaney asked the trial judge about the grounds for the divorce. None of the affidavits indicate that any of the Time employees *866 actually read the final judgment of divorce before the article was written; however, the affidavit of one George G. Daniels, a Senior Editor of the defendant, reveals that several employees of Time actually checked the court files in connection with the plaintiff's divorce.
The basis for the summary judgment as I understand it was a determination by the trial judge that defendant published the article without actual malice. See the quotation from the final judgment in the majority opinion. We are not required at this stage to decide whether or not a showing of actual malice  as distinguished from implied malice  is essential to the plaintiff's cause of action or whether or not the publication was in any respect privileged. Without regard to those issues, it is my opinion that the trial judge erred in concluding that the affidavits made a showing sufficient for purposes of a summary judgment motion that the article was published without actual malice. It is correct, as the trial judge pointed out, that the affidavits were uncontradicted, but all of the affidavits were submitted by employees of the defendant who had had a role in the preparation of the article. In my opinion, under these circumstances, there is inherent in the affidavits an issue of credibility which required the denial of the motion for summary judgment. For this reason only, I favor a reversal. See Tucker v. American Employers Insurance Company, Fla.App. 1969, 218 So.2d 221 (cert. den. Fla. 1969, 227 So.2d 482), where we said:
"We are of the view that the granting of a summary judgment for the defendants in this case required the weighing of conflicting inferences and an assessment of the credibility of interested witnesses in order to conclude that no genuine issue of material fact existed, and this process is not available in passing on a motion for summary judgment * * *." (Emphasis added.)