OWEN, Judge.
Appellant, Fred Gentile, suffered a summary final judgment in his suit for damages allegedly caused by defendants’ breach of a contract to purchase certain real property from appellant.
Gentile was constructing a duplex on certain property owned by him. Appellees contacted him and expressed an interest in purchasing the property when the improvement was completed. Following some negotiations, appellees had their attorney prepare a written contract to purchase the property, which contract appellees signed and left with the attorney. Gentile thereafter came to the attorney’s office, read the contract, deleted a paragraph which required him to have the lot treated for termites and pests, and then executed the document. Sometime later, the parties were ready to close the transaction when they learned that under applicable municipal zoning, the building could not be used for purposes contemplated by the appellees. Ap-pellees then refused to close the transaction, which refusal brought about the present suit.
The trial court, finding that the written agreement had been modified by Gentile without the appellees’ knowledge or consent, held that the agreement thereby became merely a counter-offer which appel-lees had not accepted, and therefore the appellees were entitled to judgment as a matter of law.
The trouble is that the court made a factual finding on a disputed material issue. Gentile stated on deposition that at the time the contract was prepared the construction had already progressed beyond the point where the soil beneath the building could be treated, and that appellees, upon being informed of that fact, had agreed to deletion of the termite provision. Appellee, Frank Abadessa, admitted on deposition that he had been aware of the fact that Gentile had deleted the termite provision before signing the contract, but Abadessa stated that he had not consented to the deletion. Whatever the truth of the matter, a genuine issue was presented on a material fact, i. e., whether appellees had either consented to, or acquiesced in, or ratified this modification of the purchase contract. That issue was improperly decided on summary judgment. Durkin v. Morgan, Fla.App.1969, 227 So.2d 231.
The judgment is reversed and this cause remanded for further proceedings consistent herewith.
Reversed and remanded.
REED, C. J., and WALDEN, J., concur.