FERGUSON, Judge.
The insurer appeals from a partial summary judgment finding liability under the provision of a policy of insurance covering loss from “pillage and looting occurring during and at the immediate place of a riot.” The single issue is whether there were issues of fact that the loss was caused by the riot.
Appellant KENT issued to GLADES LIQUORS an insurance policy which included coverage for risk of loss by riot.[1] The policy did not cover loss for burglary.
Because of civil disturbances in scattered areas of Dade County in May, 1980, a large area of the county was designated a riot zone. Vehicular and pedestrian traffic into those areas was restricted or prohibited and county directives required the closing of all liquor stores and service stations in the designated zone. Appellee’s liquor store was within the geographical zone designated as a riot area.
In the early hours of May 20,1980 thieves broke into appellee’s business premises. A sledge hammer was used to remove a two-foot section of concrete block at the rear of the building. The perpetrators took only the most expensive brands of liquors.[2] The crime was reported to the police at approximately 6:00 a. m. In his report, the investigating officer concluded that the theft was a burglary, describing the modus operandi in police jargon as a “wall job”.
Both parties filed motions for summary judgment supported by affidavits. Appellant’s motion was supported by the investigating officer’s report and affidavit opining that the burglary was unrelated to the riot.[3]
After some on-the-record weighing of conflicting evidence the trial court, in discussing the police officer’s reports, concluded:
*1103 THE COURT: —Mulinari, indicates this is a burglary and all earmarks of a burglary and perhaps it’s true, but with clarity, it took place during the riot, in the middle of a riot. Law and order was completely broken down.
I’ll rule for the Plaintiff.
Although the crime occurred during, and in the geographical area of the riot, it does not follow as matter of law that the riot was the direct and proximate cause of the loss. It may also be reasonably inferred from the facts that the loss resulted from the more common burglary hazard. See, e.g., Standard Oil Company of New Jersey v. United States, 340 U.S. 54, 71 S.Ct. 135, 95 L.Ed. 68 (1950) (fact of a collision between a private vessel and government minesweeper performing a warlike operation does not as a matter of law bring loss within “war risk” provision of insurance policy); Airlift International Inc. v. United States, 335 F.Supp. 442 (S.D.Fla.1971); aff’d, 460 F.2d 1065 (5th Cir. 1972) (fact of a mid-air collision between civilian and military aircraft over Republic of Vietnam during period of war was not sufficient to establish that loss resulted from a war risk rather than an aviation risk). A mere showing by the insured that his loss occurred within the wide area of the county designated as a riot zone does not relieve him of his burden to show that the loss comes within the provision affording coverage for direct loss at the immediate place of a riot. There must be evidence of an open and tumultuous disturbance by several persons at the site of the loss. See Hartford Fire Insurance Co. v. War Eagle Coal Co., 295 F. 663 (4th Cir. 1924) (mine fire secretly set in early morning not a result of riot though striking mineworkers created civil commotion in other parts of county).
Because there were material issues of fact in dispute on the question of which event — burglary or riot — was more nearly and essentially connected with the loss as its effectual cause, it was error to enter a summary judgment. See Standard Oil Company, supra. A trial court may not decide disputed issues of fact on a motion for summary judgment. Squitieri v. Aetna Casualty & Surety Company, 382 So.2d 730 (Fla. 5th DCA 1980); Gentile v. Abadessa, 267 So.2d 344 (Fla. 4th DCA 1972); Ham v. Heintzelman’s Ford, Inc., 256 So.2d 264 (Fla. 4th DCA 1971).
Reversed and remanded for further proceedings.

. Section VI(b) of the policy provides:
RIOT, RIOT ATTENDING A STRIKE OR CIVIL COMMOTION including direct loss by acts of striking employees of the owner or tenant(s) of the described buildings(s) while occupied by said striking employees and shall also include direct loss from pillage and looting occurring during and at the immediate place of a riot, riot attending a strike or civil commotion . . .

. The store had been burglarized in the same fashion several years earlier.

.AFFIDAVIT OF CHARLES MULINARI OF THE DADE COUNTY PUBLIC SAFETY DEPARTMENT
I Charles Mulinari, am the reporting officer, who responded to the scene of the burglary of Glades Liquors. A copy of my report of this incident is attached.
I investigated the scene of the burglary and determined that this was a burglary, clean and simple.
I found no evidence, indicating to me, that any public disturbance resulted or was the cause of this particular burglary . . .
There was no evidence of intentional destruction to the building or its contents, not associated with the breach and entry of the wall and the removal of the selected brands of liquor . . .