543 So.2d 390 (1989)
T-JETT ENTERPRISES, INC. and Thomas D. Williams, Appellants,
v.
ERNEST AND STEWART, INC., Appellee.
Nos. 88-1440, 88-2006.
District Court of Appeal of Florida, Third District.
May 16, 1989.
*391 Lisa Bennett and Richard Bennett, Coral Gables, for appellants.
Robert A. Brandt, Miami, for appellee.
Before NESBITT, FERGUSON, JJ., and RYDER, HERBOTH S., Associate Judge.
PER CURIAM.
We reverse the final summary judgment and judgment of garnishment entered for the broker in this contract dispute for a real estate broker's fee.
The record presents genuine issues of material fact as to how and when the broker's commission was to be paid since in the sales contract the words that the commission was due "at the closing" were crossed out, and the change was initialed by the buyer and seller in the presence and with the knowledge of the broker's agent. See Kirsh v. Mannen, 393 So.2d 63 (Fla. 3d DCA 1981); Gentile v. Abadessa, 267 So.2d 344 (Fla. 4th DCA 1972). The agent herself then signed the contract on the same page as the changes. Furthermore, there were unrebutted and uncontradicted sworn statements by the seller that the broker's agent agreed to accept monthly payments of the commission. The summary final judgment is therefore reversed.
Based on the above, the final judgment of garnishment must also be reversed. We point out, moreover, that the appellee's failure to comply with the requirements of section 77.055, Florida Statutes (1987), and properly notify the seller of the garnishment proceedings, would be sufficient basis alone for reversing the garnishment order.
Having reversed the final summary judgment, it is unnecessary to address the appellant's other point on appeal.
Reversed and remanded for further proceedings.