PER CURIAM.
The plaintiff brings this interlocutory appeal to review the following order in a chancery cause:
“This cause coming on this day to be heard, after due notice, upon Defendant’s Motion to Dismiss, or in the alternative to transfer to the law side-of the Court, and the Court having heard argument of counsel, and being fully advised in the premises, it is, thereupon,
“Ordered, Adjudged and Decreed that Defendant’s Motion be and the same is hereby granted, and Plaintiffs-may file, within twenty days from date,, such pleadings as they may be advised in the lav/ side of the Court.
“It Is Further Ordered, Adjudged and Decreed that the lis pendens filed by Plaintiffs April 8, 1959 in Official Records Book 1357, page 277, in the office of the Clerk of this Court against the property therein described be and the same is hereby cancelled, and the Clerk of this Court is hereby directed to discharge same of record.”
The complaint in equity was for specific performance and an accounting. The contract sought to be specifically enforced was one whereby the defendant, a builder, agreed to construct a house for the plaintiffs. The plaintiffs had made a substantial deposit which the defendant claimed was forfeited.
The granting of the remedy of specific performance is generally a matter within the sound judicial discretion of the chancellor. See Robinson v. University of Miami, Fla.App.1958, 100 So.2d 442, and cases cited therein. Further, construction contracts are not usually susceptible to the remedy of specific performance. See cases cited at 9 Am.Jur., Building and Construction Contracts, § 124; 81 C.J.S. Specific Performance § 74; 164 A.L.R. 802 et seq. Cf. Calumet Co. v. Oil City Corporation, 114 Fla. 531, 154 So. 141. No violation of the settled principles of law and equity have been demonstrated in the denial of the remedy in this case.
Appellants contend the cause should remain in equity for an accounting. *91 We recognize the rule that even if a court •of law can compel the payment of damages for a breach of contract, a court of equity will still entertain jurisdiction if there are •complicated accounts involved in order to give adequate relief. Sommers v. Apalachicola Northern R. Co., 75 Fla. 159, 78 So. 25. An examination of the complaint reveals that a court of law can provide full and adequate relief in the instant case should plaintiffs establish their right to return of the deposit paid, and damages, if so entitled.
Construing the order quoted as a transfer to the law side of the court pursuant to Rule 1.39(a) Florida Rules of Civil Procedure, 30 F.S.A.,[1] it is therefore, affirmed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.

. The instant order does not make clear whether the motion to dismiss the complaint is granted. It may be pointed out that the rule provides that when the action should have been brought on the opposite side of the court “it shall he forthwith transferred to the proper side and proceeded with without interruption.” [Emphasis supplied]. The rule specifically provides that “no further amendments shall be necessary to change phraseology in the pleadings so far as the error is concerned.”