BARKDULL, Chief Judge.
Appellants, plaintiffs and counter-defendants in the trial court, seek review of a-final decree on a counterclaim which found that the appellants, as optionors, had no right to- terminate an option but, rather than reinstating the option which pertained to real estate, the chancellor ordered the return of monies to the appellee, Marlin Development Company paid under the agreement and transferred the matter to the common law side of the court for a determination of damages. The appellants have appealed and brought said final decree on for review.
We affirm the chancellor’s finding that the appellants had no right to terminate the option, but reverse those portions of the decree wherein he adjudicated the return of the monies advanced and the transfer of the case to the law side of the court to determine damages, with directions to enter a final decree reinstating the option and! abating the option period from the date of the abortive termination letter, [to wit: March 12, 1963] until the effective date of this court’s mandate.
The optionee [for consideration] during the term of his option has a right that the option giver shall not repudiate nor make performance impossible or more difficult, and said right is enforceable by all the usiial judicial remedies including judgment for damages, injunction and decree for specific performance. See: McFerran v. Heroux, 44 Wash.2d 631, 269 P.2d 815; 91 C.J.S. Vendor & Purchaser § 4, p. 838; Corbin on Contracts, Vol. 1A, pages 498, 579. While it is true that specific performance is not a matter of right but discretionary with the chancellor, [see: Levene v. Enchanted Lakes Homes, Inc., Fla.App.1959, 115 So.2d 89; Mills v. Beims, Fla.App.1961, 132 So.2d 228] failure to award specific performance in the instant case constituted an abuse of judicial discretion. Due to the option agreement involved herein, the only manner in which the appellee could obtain adequate relief *332 would he by the decreeing of specific performance by the trial court.
Therefore, the actions of the chancellor are affirmed in part and reversed in part, with directions as set forth above.
Affirmed in part; reversed in part, with directions.