285 So.2d 699 (1973)
Syd P. KRANTZ, Appellant,
v.
Sam DONNER et al., Appellees.
No. 73-191.
District Court of Appeal of Florida, Fourth District.
November 9, 1973.
Rehearing Denied December 17, 1973.
*700 Timothy W. Gaskill and Raymond W. Royce, Scott, Burk & Royce, Palm Beach, for appellant.
John T. Christiansen, Sales, Metzger & Christiansen, Palm Beach, for appellees.
MAGER, Judge.
This is an appeal by Syd P. Krantz, plaintiff below, from a summary final judgment rendered in favor of the appellees, defendants below. The salient facts, briefly stated, reflect that plaintiff filed an action for specific performance of option contracts to convey real property. Plaintiff alleged, inter alia, that the property which was the subject matter of the options was fraudulently conveyed by the original optionor, Patrician Associates, II, a partnership, to Patrician Towers Associates, Inc.; that the corporate entity was the alter ego of the partnership; that such conveyance was made to avoid liability under the option contracts; and that plaintiff exercised the option prior to such conveyance.
It is well established that specific performance of a contract for the sale and conveyance of realty will not ordinarily be decreed against the vendor who by virtue of his lack of title is unable to comply with his agreement because of his own act in making a conveyance of the property to a bona fide third party purchaser. 29A Fla. Jur. Specific Performance § 82. However, that general rule is subject to the following exception:
"... where a third-party purchaser, at the time of the subsequent conveyance of the property to him by the vendor, is fully aware that the vendor had previously sold the property to another and that the prior contract of sale has not been rescinded by the parties, the subsequent contract purportedly entered into between the vendor and the third party will be deemed to be fraudulent and the product of conspiracy. Consequently, equity in such a case will order the cancellation of the latter agreement and enter a decree of specific performance of the original contract in favor of the purchaser thereunder, on the payment by him of the balance due on the *701 purchase price of the property." 29A Fla.Jur., supra, at p. 695.
Hughes v. Jemco, Inc., Fla.App. 1967, 201 So.2d 565; Gigman v. University Federal Savings and Loan Ass'n, Fla.App. 1964, 170 So.2d 330; Sperling v. Davie, Fla. 1949, 41 So.2d 318.
A review of the record in the case sub judice reflects the existence of genuine issues of material fact as to the alleged fraudulent transaction and as to the bona fide nature of the conveyance thereby precluding summary disposition. Ham v. Heintzelman's Ford, Inc., Fla.App. 1971, 256 So.2d 264; Automobile Sales Inc. v. Fed. Mut. Implement and Hardware Ins. Co., Fla.App. 1972, 256 So.2d 386; Coquina Ridge Properties v. East West Company, Fla.App. 1971, 255 So.2d 279.
For the foregoing reasons the summary judgment is reversed and the cause remanded for further proceedings.
WALDEN, J., and FERRIS, JOHN G., Associate Judge, concur.