PER CURIAM.
This is an appeal by Dorothy Kelly, defendant and cross-plaintiff below, from a summary final judgment entered in favor of Buckeye Holding Company and G. H. Martin, defendants and cross-defendants below. The original complaint below was filed by one Stevenson seeking to foreclose two mortgages on real property naming defendant Buckeye as being the owner and in possession of the subject premises; and naming defendant Kelly as occupying the mortgaged premises claiming “some right, title and interest therein”. The cross-complaint filed by Kelly against Buckeye alleged, in effect and inter alia, that she was the equitable owner of the subject property by having paid the whole consideration thereon; that she permitted title to the property to be taken in the name of Buckeye based upon certain alleged representations made by Martin upon which Kelly relied; that Martin and Buckeye refused to reconvey the property back to her and that they “have or are attempting to convert said property to their own use after trust”. The cross-complaint sought an accounting and damages occasioned by the subject property not having been reconveyed back to her. A review of the pleadings, depositions and answers to interrogatories on file together with other papers and affidavits reflects the existence of genuine issues of material fact with respect to the ownership of the subject property and in particular the presence (or nonpresence) of a breach of trust or fiduciary relationship between the parties and suggestions of fraudulent inducement. The existence of these disputed material issues of fact precludes a determination in a summary proceeding and would necessitate a' full hearing on the merits. Nance v. Ball, Fla.App.1961, 134 So.2d 35; Krantz v. Donner, Fla.App.1973, 285 So.2d 699; Pompano Paint Co. v. Pompano Beach Bank & Trust Co., Fla.App.1968, 208 So.2d 152; Coquina Ridge Properties v. East West Company, Fla.App.1971, 255 So.2d 279; Automobile Sales, Inc. v. Federated Mutual Implement and Hardware Ins. Co., Fla.App.1972, 256 So.2d 386; cf. 14 Fla.Jur., Fraud and Deceit, sec. 5.
Accordingly, the summary final judgment is reversed and the cause remanded to the trial court for further proceedings.
Reversed and remanded.
OWEN, C. J., and MAGER and DOW-NEY, JJ., concur.