(dissenting).
I respectfully dissent.
On September 24, 1970, the appellant-plaintiffs, Louis L. Fleischmann and Eve Helen Fleischmann, entered into a written agreement with Patrician Associates II, a partnership composed of Sam Donner, Charles Donner, and William Donner, for an option to purchase one of the condominium apartments the partnership was planning to erect. The appellants had the right under the agreement to exercise the option at any time before (a) the roof of the building was completed, if the condominium was actually built; (b) September 24, 1972; or (c) the date the property was sold, whichever occurred first. To exercise the option, the appellants were required to pay down 10% of the purchase *27 price of the condominium apartment and execute a sales contract. The option agreement created absolutely no obligation on the partnership to construct the condominium.
Patrician Associates II sold the real property that was the subject matter of the option agreement to Patrician Towers Associates, Inc., a corporation formed, controlled and directed by Sam Donner, Charles Donner, William Donner, and Norman Rauch. Thereafter, appellants tendered the 10% down payment required for the purchase of the condominium apartment to the corporation and demanded that a contract for the sale of the condominium be executed. The corporation refused to honor the terms of the option agreement. Subsequently, the corporation proceeded to build condominiums somewhat similar to those planned by Patrician Associates II.
Appellants brought this action against the appellee-defendants, Patrician Towers Associates, Inc., Sam Donner, Charles Donner, William Donner, and Norman Rauch for specific performance of the option agreement and in the alternative, for damages resulting from the alleged breach of the option agreement. After review of the pleadings and various affidavits submitted by the parties, the trial court granted appellees’ motion for a summary final judgment. It is from this final judgment that appellants take their appeal.
The question presented for our determination in this appeal is whether the trial court erred in entering a summary final judgment in favor of the appellees.
An option to purchase is a continuing offer by a vendor to sell property on the terms stipulated, irrevocable for the time stipulated; an option ripens into a contract for sale when the purchaser exercises the option by meeting the terms of the option to purchase within the time stipulated. The purchaser during the term of the option has a right that the vendor shall not repudiate the option and said right is en-forcible by the usual judicial remedies. Bigman v. University Federal Savings and Loan Ass’n, 170 So.2d 330 (Fla.App.1964).
A summary judgment may be entered when the record shows there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ham v. Heintzelman’s Ford, Inc., 256 So.2d 264 (Fla.App.1971). When no view taken of the pleadings, affidavits and depositions would justify a judgment favorable to the party moved against, a summary judgment may be used to eliminate and terminate litigation. Patty v. Food Fair Stores, Inc., 101 So.2d 881 (Fla.App.1958).
Although a summary judgment will not be favored in actions bottomed in charges of fraud, as the determination of this type of conduct is generally within the province of the trier of fact, a summary judgment will lie where charges of fraud clearly cannot be sustained. Seven-Up Bottling Co. v. George Construction Corp., 166 So. 2d 155 (Fla.App.1964).
The option agreement in the instant case provided that appellants could exercise the option by paying to Patrician Associates II 10% of the purchase price of the condominium apartment and executing a contract of sale. However, the option agreement also provided that if Patrician Associates II sold the property, the option was to expire. When appellants finally tendered the 10% down payment required under the option agreement, Patrician Associates II had already sold the property to Patrician Towers Associates, Inc. Under these undisputed facts, the option had expired before the appellants tendered the down payment, and appellants no longer had the legal right to purchase the condominium apartment according to the terms of the option agreement.
The appellants charge that the conveyance of the property in question from Patrician Associates II to Patrician Towers Associates, Inc., was fraudulent. However, Patrician Associates II never represented *28 to appellants that they would not sell the property and thereby preclude appellants from exercising the option. Patrician Associates II never represented that they would actually build the condominium. In fact, it was expressly agreed and understood by the parties in the option agreement that Patrician Associates II had no obligation to build the condominium and that Patrician Associates II might sell the property. The pleadings and affidavits demonstrate that the charge of fraud clearly could not be sustained.
Since there was no genuine issue of material fact and appellees were entitled to a judgment as a matter of law, the trial court did not err in entering a summary final judgment in favor of appellees.
I would therefore affirm the summary final judgment of the trial court.