302 So.2d 427 (1974)
Goodie RYSKIND, Appellant,
v.
Lucille S. ROBINSON et al., Appellees.
No. 73-1377.
District Court of Appeal of Florida, Fourth District.
October 31, 1974.
Geo. A. Speer, Jr., Speer & Speer, P.A., Sanford, for appellant.
John F. Bennett, Fishback, Davis, Dominick & Simonet, Orlando, for appellees.
PER CURIAM.
Based upon our consideration of the record on appeal, briefs and oral argument, we are of the opinion that the summary final judgment should be reversed, in part. If the only issue to be determined *428 was whether the property in question was "homestead" property the final judgment would have been affirmed on the authority of Estate of Deem v. Shinn, Fla.App. 1974, 297 So.2d 611. However, the trial court erroneously determined that the affirmative defenses raised by the appellant (cross-defendant below) did not constitute legal defenses to the homestead property. By such defenses, appellant sought to have a lien established upon the homestead property contending that she was fraudulently induced to lend monies which were specifically used to pay off certain mortgage indebtedness on the property. There is authority for the proposition that the homestead exemption cannot be used as a shield against a fraudulent transaction and that under such circumstances an equitable lien might arise which may be enforced against homestead. Jones v. Carpenter, 90 Fla. 407, 106 So. 127 (1925); La Mar v. Lechlider, 135 Fla. 703, 185 So. 833 (1939); Sonneman v. Tuszynski, 139 Fla. 824, 191 So. 18 (1939). Cf. Unkefer v. Merritt, Fla.App. 1968, 207 So.2d 726.
The appellant's affirmative defense of fraud is a "legal defense" which was sufficiently pled and created a genuine issue of material fact to be proven at trial on the merits and ought not to have been disposed of at a summary proceeding. Krantz v. Donner, Fla.App. 1973, 285 So.2d 699; Auto Sales, Inc. v. Federated Mut. Implement & Hardware Ins. Co., Fla.App. 1972, 256 So.2d 386; Shaffran v. Holness, Fla. 1957, 93 So.2d 94; see also Bond v. Koscot Interplanetary, Inc., Fla.App. 1971, 246 So.2d 631.
Accordingly, paragraph 1 of the final judgment is vacated and the cause remanded to the trial court for the purpose of conducting further proceedings consistent herewith; in all other respects the final judgment is affirmed.
Affirmed, in part; reversed, in part.
OWEN, C.J., and CROSS and MAGER, JJ., concur.