MAGER, Judge
(dissenting):
I must respectfully dissent because in my humble opinion the trial court’s order granting a partial summary judgment in favor of the defendants-appellees is in conflict with a long line of decisions construing the scope and application of the summary judgment remedy. Coquina Ridge Properties v. East West Company, Fla.App.1971, 255 So.2d 279; Schetter v. Jordan, Fla.App.1974, 294 So.2d 130; Krantz v. Donner, Fla.App. 1973, 285 So.2d 699; Allen v. Belcher, Fourth District Court of Appeal, 303 So.2d 55, opinion filed November 8, 1974; Ryskind v. Robinson, Fourth District Court of Appeal, 302 So.2d 427, opinion filed October 31, 1974.
The suit below sought damages for, among other things, unlawful trespass of the plaintiff-appellant’s property and unlawful conversion of plaintiff’s automobile as occasioned by the defendant’s repossession of plaintiff’s automobile. While “self help” repossession by a creditor (without resorting to legal process) is a recognized practice, it is patently offensive to sanction “self help” techniques which involve entry upon private property in the dead of night and breaking into an automobile for the purpose of towing it away which apparently was the fact situation below. See Northside Motors of Florida, Inc. v. Brinkley, Fla. 1973, 282 So.2d 617; Thrasher v. First National Bank of Miami, Fla.App.1974, 288 So.2d 288.
Genuine issues of material fact exist as to: whether or not an unlawful trespass and conversion occurred; whether plaintiff was in arrears at the time of the repossession in light of an alleged agreement to extend plaintiff’s payments; whether a subsequent execution of a release by the plaintiff relieving the defendant from any liability of the automobile was the result of duress and coercion.
In my view, disposition of a case by summary judgment should not be dependent upon the weakness of a party’s case and the prospects for a successful result but, rather, whether the case presents genuine issues of disputed material facts entitling the party to a full hearing on the merits. See Nance v. Ball, Fla.App.1961, 134 So.2d 35.[1] In applying the above state principles of summary judgment to the instant facts I must conclude that the trial court’s entry of a partial summary judgment was erroneous and the cause should be reversed and remanded for further pro-deedings.

. It would seem to me that the existence vel non of duress is as subtle a determination as the existence vel non of fraud which latter-issue is not a proper subject of a summary determination. Automobile Sales, Inc. v. Federated Mutual Implement and Hardware Ins. Co., Fla.App.1972, 256 So.2d 386.