ANSTEAD, Judge.
This is an appeal from a judgment entered upon a verdict directed against the appellant and is the second appearance of this ease before this court. In Kelly v. Buckeye Holding Company, 297 So.2d 869 (Fla. 4th DCA 1974) this court reversed a final summary judgment entered against the appellant. That opinion contained a concise statement of the case and this court’s disposition:
The cross-complaint filed by Kelly against Buckeye alleged, in effect and inter alia, that she was the equitable owner of the subject property by having paid the whole consideration thereon; that she permitted title to the property to be taken in the name of Buckeye based upon certain alleged representations made by Martin upon which Kelly relied; that Martin and Buckeye refused to re-convey the property back to her and that they “have or are attempting to convert said property to their own use after trust”. The cross-complaint sought an accounting and damages occasioned by the subject property not having been re-conveyed back to her. A review of the pleadings, depositions and answers to interrogatories on file together with other papers and affidavits reflects the existence of genuine issues of material fact with respect to the ownership of the subject property and in particular the presence (or nonpresence) of a breach of trust or fiduciary relationship between the parties and suggestions of fraudulent inducement. The existence of these disputed material issues of fact precludes a determination in a summary proceeding and *1305 would necessitate a full hearing on the merits. (Id. at 870)
Upon trial after remand a directed verdict was entered after the appellant presented substantially the same evidence that had been before the court when the previous summary judgment was entered. The trial court announced that the directed verdict was based on the appellant’s failure to file her claim within the applicable statutory period. We believe the trial court erred. Although appellant’s testimony contained substantial conflicts, she presented competent substantial evidence that the appellees had agreed, orally and in writing, to hold title to the subject property for her in trust and that she filed her action for damages within three years of the time she actually discovered that appellees had breached that trust by claiming title adverse to her. Matthews v. Matthews, 222 So.2d 282 (Fla.2d DCA 1969).
Accordingly, the judgment of the trial court is reversed with directions for further proceedings in accordance herewith.
LETTS and HERSEY, JJ., concur.