PER CURIAM.
We reverse the summary judgment entered below and remand for proceedings consistent with this opinion.
The trial court entered summary judgment in this negligence claim arising from a traffic accident. The car, in which Plaintiff was a passenger, pulled out from its parallel parking space facing the Defendant’s direction and continued across the street to make a U-turn. The two cars collided, resulting in serious injuries to the Plaintiff.
The Plaintiff filed a personal injury claim against the Defendant for negligence. The Defendant moved for summary judgment, and the Plaintiff filed an affidavit opposing summary judgment. The Plaintiffs affidavit stated in part:
Prior to our pulling out into traffic, I out of force of habit, looked to make sure that there was no traffic coming prior to ... pulling onto the roadway. I observed no traffic coming towards us along El Vedado Road as Mr. Garcia pulled out into the lane... .As a result of Mr. Corcino’s excessive speed, we were unable to observe him coming. .. .Mr. Corcino’s vehicle left a 75 foot skid mark along the Eastbound lane of El Vedado prior to striking the vehicle that I was occupying. Mr. Corcino was driving his vehicle well in excess of the posted speed limit.
The trial court granted summary judgment on the grounds that there were no genuine issues of material fact and that the affidavit submitted in opposition was insufficient as a matter of law. Because the sufficient portions of the affidavit show that there are questions of fact, we reverse the summary judgment.
Affidavits must profess personal knowledge, set forth facts which would be admissible into evidence, and show that the affiant is competent to testify to the material. Fla. R. Civ. P. 1.510(e). The court may strike the insufficient portions of the affidavit and consider the valid portions. See Humphrys v. Jarrell, 104 So.2d 404, 410 (Fla. 2d DCA 1958).
Summary judgment may be entered only when the pleadings, depositions, or admissions on file, together with the affidavits show that there is no genuine issue of material fact. See id. at 408. When reviewing a summary judgment, the court should make every possible inference in the light most favorable to the non-moving party. See Horizons Rehab., Inc. v. Health Care & Ret. Corp., (Fla. 5th DCA 2002).
*1051 The valid portions of the Plaintiffs affidavit, excerpted above, show that the Plaintiff asserts that the Defendant “came out of nowhere” and left long skid marks. These assertions raise the issues of whether the Defendant was speeding and if so, whether the Defendant’s speed contributed to the accident. Both are questions of fact. The credibility of the Plaintiffs opinion regarding speed, as well as the skid mark length, is for the jury to determine. See U.S. Fire Ins. Co. v. Progressive Cas. Ins. Co., 362 So.2d 414, 416-17 (Fla. 2d DCA 1978).
Therefore, because there are genuine issues of material fact, we reverse the summary judgment and remand for further proceedings.
REVERSED AND REMANDED.
GUNTHER, FARMER and SHAHOOD, JJ., concur.