DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Appellant,

v.

**PALMETTO LAKES THERAPY & REHABILITATION**
a/a/o **MAIRELY GONZALEZ,**
Appellee.

No. 4D21-0030

[November 17, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; John D. Fry, Judge; L.T. Case Nos. 062013SC014136AXXXCE and 062018AP015957AXCCCE.

Ezequiel Lugo and DeeAnn McLemore of Banker Lopez Gassler P.A., Tampa, Nancy W. Gregoire of Birnbaum, Lippman & Gregoire, PLLC, Fort Lauderdale, and Christopher L. Kirwan and R. Ryan Smith of Kirwan Spellacy Danner Watkins & Brownstein, P.A., Fort Lauderdale, for appellant.

Mac S. Phillips of Phillips|Tadros, P.A., Fort Lauderdale, for appellee.

KUNTZ, J.

State Farm Mutual Automobile Insurance Company appeals a final judgment for Palmetto Lakes Therapy & Rehabilitation as assignee of Mairely Gonzalez. State Farm argues the county court erred when it struck the affidavit of State Farm's sole witness as to the reasonableness of the provider's charges. We agree with State Farm and reverse.

During a summary judgment hearing, the court ordered State Farm to select the areas on which each witness intended to testify. State Farm selected one expert witness to testify to the reasonableness of the provider's charges. That expert asserted that Florida law considered the amount a provider charged in determining the reasonableness of a provider's charges. But the expert did not believe the amount charged was a reliable factor because providers did not expect to receive the amount charged. Based on that belief, the court struck the expert's entire affidavit.

State Farm argues the court erred when it struck the expert's entire affidavit based on one paragraph. We agree.

A court may strike an expert's affidavit for various reasons. For example, if an expert repudiates matters previously attested to, the affidavit may be stricken. *See United Auto. Ins. Co. v. Seffar*, 37 So. 3d 379, 381 (Fla. 3d DCA 2010) (citing *Ellison v. Anderson*, 74 So. 2d 680, 681 (Fla. 1954)) (analyzing whether an expert repudiated testimony). Similarly, an expert affidavit may be stricken if the expert opined on a question of law because questions of law fall outside the scope of an expert's opinion. *Luckman v. Wills*, 306 So. 3d 990, 994 (Fla. 3d DCA 2020).

Neither of those situations is present in this case. At most, the court found one paragraph of the expert's ten-page affidavit to be an opinion on a question of law. In that situation, a "court may strike the insufficient portions of the affidavit and consider the valid portions." *Marrero v. Corcino*, 813 So. 2d 1049, 1050 (Fla. 4th DCA 2002) (citing *Humphrys v. Jarrell*, 104 So. 2d 404, 410 (Fla. 2d DCA 1958)).

If the rest of the affidavit demonstrated questions of fact, summary judgment was not appropriate. *See id.* Here, a review of the rest of the affidavit shows that State Farm's expert considered multiple sources and explained the relevance of each to his analysis about the reasonableness of the charges.

The court erred when it struck the expert's entire affidavit. Had the affidavit not been stricken, the existence of material facts would have precluded the entry of summary judgment. As a result, we reverse the court's summary judgment and remand for further proceedings.

*Reversed and remanded.*

KLINGENSMITH and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2